```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
JAMES R. SMITH,                    :
                                   :  Civil Action No. 10-1398 (JBS)
          Petitioner,              :
                                   :
     v.                            :  **OPINION**
                                   :
MICHELLE RICCI, et. al.,           :
                                   :
          Respondents.             :
_____:


**APPEARANCES**:

    **JAMES R. SMITH**, Petitioner Pro Se
    # 423443/97904-B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**SIMANDLE**, District Judge

    This matter is before the Court on petitioner James R. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 2002 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. The Supreme Court held that district courts are

I.    PROCEDURAL BACKGROUND

Petitioner, James R. Smith ("Smith"), filed a petition for habeas corpus relief on or about March 10, 2010.[2] According to the allegations contained in his petition, Smith was convicted by jury trial on or about August 13, 2002, in the Superior Court of New Jersey, Law Division, Cape May County on multiple counts of kidnapping, aggravated sexual assault and weapons offenses.  On August 22, 2002, Smith was sentenced to an aggregate term of 105 years in prison with 89½ years of parole ineligibility, pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

---

permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Smith signed his petition on March 10, 2010.  Therefore, the Court will use the date March 10, 2010, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on March 16, 2010.

2

Smith filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On October 5, 2004, the Appellate Division affirmed the conviction, but remanded the matter for clarification of the sentence with respect to the periods of parole ineligibility.  The Supreme Court of New Jersey denied certification on January 26, 2005.  See State v. Smith, 182 N.J. 429 (2005).  Smith did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On March 7, 2005, Smith filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Cape May County.  Smith withdrew his PCR petition on April 24, 2006.  See State v. Smith, 2009 WL 2409307, * (N.J. Super. A.D. Aug. 7, 2009), cert. denied, 200 N.J. 505 (Nov. 20, 2009), certiorari denied, __ U.S. __, 130 S.Ct. 1695 (Mar. 1, 2010).  However, Smith states in his petition that the PCR judge signed an Order dismissing the PCR with prejudice.  (Petition at p. 8).

On May 1, 2008, Smith submitted a pro se motion to compel the State to reproduce copies of Smith's entire state court record.  The motion was filed on June 4, 2008, and assigned to the Honorable Raymond A. Batten, J.S.C. in the Superior Court of New Jersey, Law Division, Cape May County.  After a hearing on

the motion on June 27, 2008, Judge Batten denied Smith's motion by Order filed July 9, 2008.  Smith appealed the court's decision on July 27, 2008, before the Superior Court of New Jersey, Appellate Division.  (Petition at pp. 8-9).

On August 7, 2009, the Appellate Division affirmed Judge Batten's Order, finding as follows:

> In July 2008, defendant applied for copies of various portions of the record in this criminal matter.  The judge[3] denied that motion, for reasons then given, as well as for the reasons set forth in his thorough supplemental opinion of October 1, 2008, which was filed after defendant filed this appeal.
>
> . . .
>
> In his supplemental opinion, the motion judge determined that defendant had once been provided with all the materials he now seeks.  Defendant nevertheless claimed that his copies "were destroyed by the Prison Officials during several cell searches which resulted from several lockdowns," and seeks to be provided again with the same materials previously provided by the State. The judge determined that, although N.J.S.A. 2A:152-17 requires that a person convicted of a crime may apply for such materials when it is shown that "a copy of the transcript of the record, testimony and proceedings at the trial is necessary for the filing of any application with the trial court," it does not require that a second set be provided.
>
> In addition, the judge determined from defendant's description of the application he intended to file -- regarding a change of custody from a drug or alcohol abuse rehabilitation facility to the Adult Diagnostic and Treatment Center -- that the records sought were not necessary for that purpose and that, in fact, such an application would have no merit.  Moreover, the judge found

---

[3]  The motion judge was not the trial judge.

determinative the fact that defendant had not requested additional copies of the record from either the Office of the Public Defender or his assigned counsel.  The judge also cited other reasons for denying relief, which we need not explore in light of our disposition of the appeal.

In his appeal brief, defendant indicates that following the entry of the order under review, he made additional requests and began receiving portions of the record.  These facts were not before the trial court; indeed, the motion judge found critical defendant's failure to seek reproduction of the record through other sources, such as his counsel in the earlier proceedings.

We agree with the motion judge's determination, in light of the fact that defendant had previously been provided with the materials in question at taxpayer expense, that defendant was not entitled to relief until at least such time as he exhausted other potential sources for the recovery of these materials.  The fact that defendant has apparently obtained some of these materials since the motion judge ruled demonstrates not only the soundness of the judge's decision on that precise point but also that it would be inadvisable for this court to either monitor or examine what has occurred since the entry of the order in question, or examine the other reasons expressed by the motion judge in his supplemental opinion.

In short, it may be that defendant now has, or will soon receive, all that is necessary for the trial court application he has not yet filed -- a circumstance that would moot our consideration of any of the issues raised.  Or, it may be that the materials not yet secured are so limited as to alter the State's opposition to the relief.  In any event, it appears that circumstances have changed with regard to defendant's attempt to obtain the materials in question to such a degree that no purpose would be served by our intervention at this time.[4]

---

[4]  Viewed another way, we are no longer satisfied -- in light of events that have since occurred -- that the order under review actually possesses the quality of finality that marks an appealable order.

5

> Accordingly, we affirm the order under review for the limited reasons set forth herein.  We recognize, as did the motion judge when he denied defendant's motion without prejudice, that the matter may again be revisited in the trial court.

State v. Smith, 2009 WL 2409307, *1, 2 (N.J. Super. A.D. Aug. 7, 2009), cert. denied, 200 N.J. 505 (Nov. 20, 2009), certiorari denied, __ U.S. __, 130 S.Ct. 1695 (Mar. 1, 2010).

On November 20, 2009, the Supreme Court of New Jersey denied Smith's petition for certification.  On March 1, 2010, the Supreme Court of the United States denied Smith's petition for a writ of certiorari.

As stated above, Smith filed this federal habeas petition on March 10, 2010.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007);  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Smith's judgment of conviction became final after the enactment of AEDPA.  The judgment of conviction was entered on or about August 22, 2002, and Smith filed a direct appeal shortly thereafter.  On October 5, 2004, the Appellate Division affirmed the conviction but remanded the matter for correction of the judgment regarding the period of parole ineligibility.  The New Jersey Supreme Court denied certification on January 26, 2005. Smith did not file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Smith's judgment of conviction became final 90 days after January 26, 2005, or on April 26, 2005.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Accordingly, Smith had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), April 26, 2005, or until April 26, 2006, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Smith would have had to file his state PCR petition before the one-year period had expired, or before April 26, 2006.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Smith filed his state PCR petition on March 7, 2005.  However, Smith withdrew his state PCR petition on April 24, 2006, by Order entered the same date.  He did not seek an appeal with respect to his state PCR petition.  Therefore, statutory tolling concluded on April 24, 2006.

Thus, the limitations period was tolled until April 24, 2006, and no time had run on his statute of limitations since Smith filed his state PCR petition in March 2005, before the limitations period had started.  Therefore, Smith had one year from April 24, 2006, or until April 24, 2007, to timely file his federal habeas petition.

Smith did not file his habeas petition until March 10, 2010, almost three years after his limitations period appears to have expired.  He appears to suggest that his motion to compel the State to reproduce his state court record should have served to toll his limitations period, even though the motion was not filed as a state PCR petition.  Moreover, the motion was filed after April 24, 2007, on or about May 1, 2008, beyond the expiration of

the statute of limitations.  Consequently, even if the motion to reproduce the state court record were deemed a state PCR petition, it would not serve to toll the limitations period because the statute of limitations had already expired. Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Smith may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v.

DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[6]  Even where extraordinary circumstances exist, however,

---

[6] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Smith to show cause why his petition should not be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Smith to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

DATED: **October 6, 2010**