```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY

JAMES R. SMITH,                  :
                                 :   Civil Action No. 10-1398 (JBS)
           Petitioner,           :
                                 :
      v.                         :   OPINION
                                 :
MICHELLE R. RICCI, et al.,       :
                                 :
           Respondents.          :
```

**APPEARANCES:**

    JAMES R. SMITH, Petitioner pro se
    #423443 SBI #97904-B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**SIMANDLE**, District Judge:

Petitioner James R. Smith, a convicted state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 New Jersey state court conviction. The principal issue to be decided, in response to this Court's order to show cause, is whether this § 2254 petition is time-barred under § 2244(d). For the reasons stated herein, the Petition will be dismissed as time-barred.

        I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of the 2002 New Jersey state court conviction of petitioner James R. Smith ("Smith"). According to the allegations contained in his petition, Smith was convicted by jury trial on or about August 13, 2002, in the Superior Court of

New Jersey, Law Division, Cape May County on multiple counts of kidnapping, aggravated sexual assault and weapons offenses.  On August 22, 2002, Smith was sentenced to an aggregate term of 105 years in prison with 89½ years of parole ineligibility, pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

Smith filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On October 5, 2004, the Appellate Division affirmed the conviction, but remanded the matter for clarification of the sentence with respect to the periods of parole ineligibility.  The Supreme Court of New Jersey denied certification on January 26, 2005.  See State v. Smith, 182 N.J. 429 (2005).  Smith did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On March 7, 2005, Smith filed a petition for post-conviction relief ("PCR"), pro se, in the Superior Court of New Jersey, Law Division, Cape May County.  Smith withdrew his PCR petition on April 24, 2006.  See State v. Smith, 2009 WL 2409307, * (N.J. Super. App. Div. Aug. 7, 2009), cert. denied, 200 N.J. 505 (Nov. 20, 2009), certiorari denied, __ U.S. __, 130 S.Ct. 1695 (Mar. 1, 2010).  However, Smith states in his petition that the PCR judge signed an Order dismissing the PCR with prejudice.  (Petition at p. 8).

On May 1, 2008, Smith submitted a pro se motion to compel the State to reproduce copies of Smith's entire state court record. The motion was filed on June 4, 2008, and assigned to the Honorable Raymond A. Batten, J.S.C. in the Superior Court of New Jersey, Law Division, Cape May County. After a hearing on the motion on June 27, 2008, Judge Batten denied Smith's motion by Order filed July 9, 2008. Smith appealed the court's decision on July 27, 2008, before the Superior Court of New Jersey, Appellate Division. (Petition at pp. 8-9).

On August 7, 2009, the Appellate Division affirmed Judge Batten's Order, finding as follows:

> In July 2008, defendant applied for copies of various portions of the record in this criminal matter. The judge[1] denied that motion, for reasons then given, as well as for the reasons set forth in his thorough supplemental opinion of October 1, 2008, which was filed after defendant filed this appeal.
>
> . . .
>
> In his supplemental opinion, the motion judge determined that defendant had once been provided with all the materials he now seeks. Defendant nevertheless claimed that his copies "were destroyed by the Prison Officials during several cell searches which resulted from several lockdowns," and seeks to be provided again with the same materials previously provided by the State. The judge determined that, although N.J.S.A. 2A:152-17 requires that a person convicted of a crime may apply for such materials when it is shown that "a copy of the transcript of the record, testimony and proceedings at the trial is necessary for the filing of any application with the trial court," it does not require that a second set be provided.

---

[1] The motion judge was not the trial judge.

In addition, the judge determined from defendant's description of the application he intended to file -- regarding a change of custody from a drug or alcohol abuse rehabilitation facility to the Adult Diagnostic and Treatment Center -- that the records sought were not necessary for that purpose and that, in fact, such an application would have no merit.  Moreover, the judge found determinative the fact that defendant had not requested additional copies of the record from either the Office of the Public Defender or his assigned counsel.  The judge also cited other reasons for denying relief, which we need not explore in light of our disposition of the appeal.

In his appeal brief, defendant indicates that following the entry of the order under review, he made additional requests and began receiving portions of the record.  These facts were not before the trial court; indeed, the motion judge found critical defendant's failure to seek reproduction of the record through other sources, such as his counsel in the earlier proceedings.

We agree with the motion judge's determination, in light of the fact that defendant had previously been provided with the materials in question at taxpayer expense, that defendant was not entitled to relief until at least such time as he exhausted other potential sources for the recovery of these materials.  The fact that defendant has apparently obtained some of these materials since the motion judge ruled demonstrates not only the soundness of the judge's decision on that precise point but also that it would be inadvisable for this court to either monitor or examine what has occurred since the entry of the order in question, or examine the other reasons expressed by the motion judge in his supplemental opinion.

In short, it may be that defendant now has, or will soon receive, all that is necessary for the trial court application he has not yet filed -- a circumstance that would moot our consideration of any of the issues raised.  Or, it may be that the materials not yet secured are so limited as to alter the State's opposition to the relief.  In any event, it appears that circumstances have changed with regard to defendant's attempt to obtain the materials

>in question to such a degree that no purpose would be served by our intervention at this time.[2]
>
>Accordingly, we affirm the order under review for the limited reasons set forth herein.  We recognize, as did the motion judge when he denied defendant's motion without prejudice, that the matter may again be revisited in the trial court.

State v. Smith, 2009 WL 2409307, *1, 2 (N.J. Super. App. Div. Aug. 7, 2009), cert. denied, 200 N.J. 505 (Nov. 20, 2009), certiorari denied, __ U.S. __, 130 S.Ct. 1695 (Mar. 1, 2010).

As noted above, on November 20, 2009, the Supreme Court of New Jersey denied Smith's petition for certification.  On March 1, 2010, the Supreme Court of the United States denied Smith's petition for a writ of certiorari.

Smith filed this federal habeas petition on March 10, 2010.[3]

---

[2] Viewed another way, we are no longer satisfied -- in light of events that have since occurred -- that the order under review actually possesses the quality of finality that marks an appealable order.

[3] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Smith signed his petition on March 10, 2010.  Therefore, the Court will use the date March 10, 2010, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the

On October 6, 2010, this Court issued an Opinion and Order to Show Cause directing petitioner to show cause in writing why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).  (Docket entry nos. 3, 4).  Smith filed a response on or about October 12, 2010.  (Docket entry no. 5).

In his response, Smith argues that he is not attacking his judgment of conviction.  However, he fails to explain why he submitted this action as a habeas petition under § 2254, if he was merely seeking an examination of the state courts' decisions to deny his request for reproduction of his state court trial records.  Smith also states that he needs the state court record to exhaust his state court remedies.  Thus, his intention appears to be an eventual challenge to his state court conviction by habeas petition after he receives the record.

Smith further claims that this action is not time-barred as the final decision on his state court motion to compel reproduction of his state court record was not issued until February 21, 2010, and he filed this action on March 10, 2010, almost one year before the one-year statute of limitations under § 2244(d).

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429

---

petition was received by the Court on March 16, 2010.

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose

convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed

application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007);  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

　　Here, Smith's judgment of conviction became final after the enactment of AEDPA.  The judgment of conviction was entered on or

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

9

about August 22, 2002, and Smith filed a direct appeal shortly thereafter.  On October 5, 2004, the Appellate Division affirmed the conviction but remanded the matter for correction of the judgment regarding the period of parole ineligibility.  The New Jersey Supreme Court denied certification on January 26, 2005.  Smith did not file a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Smith's judgment of conviction became final 90 days after January 26, 2005, or on April 26, 2005.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

Accordingly, Smith had one year from the date on which his judgment of conviction became final under § 2244(d)(1)(A), April 26, 2005, or until April 26, 2006, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Smith would have had to file his state PCR petition before the one-year period had expired, or before April 26, 2006.  Otherwise, the state PCR petition would not serve to toll the statute of limitations, because it already would have expired when one year passed on April 26, 2006.  In this case, Smith filed his only state PCR petition on or about March 7, 2005.  However, Smith withdrew his state PCR petition on April 26, 2006, by Order entered on the same date.  He did not seek an appeal with respect to his state court PCR petition.

Therefore statutory tolling concluded on April 24, 2006, and Smith had one year from that date (because he had file his state PCR petition before the one-year limitations period had started to run), or until April 24, 2007, to timely file his federal habeas petition.

Smith did not file his habeas petition until March 10, 2010, almost three years after his limitations period had expired.  He appears to suggest that his motion to compel the State to reproduce his state court record should have served to toll his limitations period, even though the motion was not filed as a state PCR petition.  Moreover, the motion was filed after April 24, 2007, on or about May 1, 2008, more than one year after the expiration of the statute of limitations.  Again, when a limitation period expires, subsequent events cannot serve to delay the running of the period that has already expired.  Consequently, even if it was deemed a state PCR petition, it would not serve to toll the limitations period because the statute of limitations had already expired.

Moreover, Smith offers no argument to overcome this statutory time bar by equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Generally, a litigant seeking equitable tolling bears the burden

11

of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice."  LaCava, 398 F.3d at 275.  A mere showing of "excusable neglect is not sufficient" to warrant equitable tolling.  Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at

12

159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, it would appear that Smith may be arguing that the lack of his state court record precluded him from seeking state PCR relief and to exhaust his state court remedies before bringing this habeas action.  However, this Court finds such purported claim to be disingenuous.  Smith had filed a state PCR petition, which he claims was dismissed.  He made no effort to appeal that decision (although there is some indication that Smith had withdrawn his state PCR petition), and then waited more

---

[5]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

than a year to file a motion to compel his state trial record so as to pursue further state court remedies.  Thus, despite his claim that he was denied copies of his state court records (Smith had previously received a copy of his records, but these were allegedly lost or destroyed by prison officials), Smith fails to show extraordinary circumstances[6] sufficient to warrant equitable tolling.

For equitable tolling to apply, even where his claim is based on loss of records through the misconduct of prison officials, Smith still must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  See Lawrence, 549 U.S. at 336.  See also Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010)(holding that the one-year limitations period under AEDPA is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates

---

[6] As a general rule, miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, in a non-capital case such as this, "attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  See also Lawrence, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

(1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing").  Here, Smith can not show diligent effort in pursuing his rights.  He waited two years after his state PCR petition was dismissed, and more than a year after his limitations period had expired before he filed a motion to compel production of the state court records.

Therefore, this Court finds that if Smith had exercised reasonable diligence, he could have brought his claims in a timely fashion, notwithstanding the alleged loss or destruction of his state court records by prison officials.  Because Smith was fully aware that he needed his state court records to pursue a challenge of his state court conviction, yet waited for more than a year after the one-year limitations had expired before he filed his motion to compel production of records, this Court finds that any link of causation between the loss or destruction of his state court records and Smith's failure to timely file was broken, and that such allegations do not rise to the level of extraordinary circumstances that prevented petitioner from timely filing his petition.

Finally, this Court notes that, to the extent that Smith claims that he is not challenging his state court conviction, but rather is challenging a state court judgment denying his motion to compel production of records, such action is not properly

15

brought as a habeas petition pursuant to 28 U.S.C. § 2254.  Thus, the petition seeking review of the state court decision to deny another production of his trial record, but not challenging the state conviction itself, would be dismissed for failure to state a claim for habeas relief under § 2254.

Moreover, federal district courts are precluded from acting as courts of appeal by hearing cases already heard by state courts.  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 162 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)(the "Rooker-Feldman doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted).  This rule generally applies whether the state court judgment is civil or criminal, and whether it construes state or federal law.  See Allen v. McCurry, 449 U.S. 90, 104 (1980).  It applies to issues that were actually raised or "inextricably intertwined" with adjudication by a state court.[7]  See Desi's

---

[7] The Rooker-Feldman doctrine is qualitatively different from the doctrine of res judicata in that the Rooker-Feldman doctrine is: (a) jurisdictional, and thus, is not waivable (and the dismissal under the doctrine is not on the merits but on the grounds of lack of jurisdiction); (b) is premised entirely on federal law and does not look to state law to determine preclusive effect; and (c) usually will not bar actions by prior non-parties even if they would be in privity with a state court loser.  See Lance v. Dennis, 546 U.S. 459 (2006); Marrese v.

Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 418 (3d Cir. 2003).  If the Rooker-Feldman doctrine applies, the district court must dismiss the case on jurisdictional grounds.  See id. at 419.

Here, Smith initiated this action after the Supreme Court of New Jersey denied certification on November 20, 2009, and after the United States Supreme Court denied his petition for a writ of certiorari on March 1, 2010.  Thus, Smith, an unsuccessful state court litigant, now attempts to re-assert substantively similar claims via this habeas petition, ostensibly seeking this Court's invalidation of a state court determination. Therefore, Smith's claims in this habeas petition are subject to dismissal for lack of jurisdiction under the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)(holding that the doctrine applies when a losing litigant in state court seeks, through a federal district court suit, the review and reversal of a state court judgment that was rendered before the district court proceedings commenced); see also FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 840 (3d

---

American Academy of Orthopedic Surgeons, 470 U.S. 373, 384 (1985).  Furthermore, the Rooker-Feldman doctrine bars a lower federal court from hearing a claim that is "inextricably intertwined" with a state court judgment that preceded the federal suit, even if the state court did not pass directly on that claim.  See Feldman, 460 U.S. at 482 n. 16; see also Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-193 (3d Cir. 2006).

Cir. 1996)(holding that the Rooker-Feldman doctrine divests federal courts of jurisdiction where a federal action would be the equivalent of an appellate review of a state court judgment).

Therefore, this habeas action, if seeking appellate review of the state court judgment denying production of Smith's state court trial records, must be dismissed for lack of jurisdiction. However, if the purpose of the habeas petition is to ultimately challenge Smith's 2002 state court judgment of conviction, the Court concludes that the habeas petition is time-barred. Accordingly, in either event, this habeas petition must be dismissed with prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

                                 **s/ Jerome B. Simandle**
                                 JEROME B. SIMANDLE
                                 United States District Judge

DATED: **May 12, 2011**